BURLINGTON NORTHERN, INC., a corporation, Plaintiff and Counter-defendant,

v.

The AMERICAN RAILWAY SUPERVISORS ASSOCIATION et al., Defendant and Counter-plaintiff.

No. 71 C 2002.

United States District Court,
N. D. Illinois.

June 22, 1973.

T. G. Schuster, Chicago, Ill., Shea & Gardner, Washington, D. C., for plaintiff, counter-defendant.

Alex Elson, Willard J. Lassers, and Aaron S. Wolff, Elson, Lassers & Wolff, Chicago, Ill., Edward J. Hickey, Jr., Washington, D. C., for defendant, counter-plaintiff.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiff and counter-defendant's motion to dismiss the counter-claim and the defendant, counter-plaintiff's motion for summary judgment on the issue of the counter-defendant's liability.

The plaintiff and counter-defendant, Burlington Northern, Inc., ("Burlington Northern") is a Delaware corporation, engaged in the business of transporting freight and passengers by rail in interstate commerce, and is a "carrier" as defined in Section 1 of the Railway Labor Act, 45 U.S.C. § 151.[1] The de-

---

1. The plaintiff and counter-defendant was formed on March 2, 1970 by the merger of the properties and franchises of the Great Northern Railway Company ("Great Northern"), Chicago Burlington & Quincy Railroad Company (CB&Q), Northern Pacific Railway Company ("NP"), and Pacific Coast R.R. Co. ("PCRR"), and the lease by the surviving company of all properties owned, used, or operated by the Spokane, Portland & Seattle Railway Company ("SP&S") [Great Northern, CB&Q, NP, PCRR, and SP&S are hereinafter referred to as "component lines"]. The

merger and lease were authorized by the Interstate Commerce Commission pursuant to Section 5 of the Interstate Commerce Act, 49 U.S.C. § 5. Great Northern Pac. & B. Lines, Merger, 331 I.C.C. 288 (1967), aff'd., United States v. United States, 296 F.Supp. 853 (D.D. C.1968), aff'd., Northern Lines Merger Cases, 396 U.S. 491, 90 S.Ct. 708, 24 L.Ed.2d 700 (1970). Prior to the merger, each component line was engaged in the business of transporting freight and/or passengers by rail in interstate commerce and was a "carrier" as defined in Section 1 of the Railway Labor Act. Upon

fendant and counter-plaintiff, The American Railway Supervisors Association ("ARSA") is an incorporated labor organization with headquarters in Chicago, Illinois. The plaintiff initiated the instant action against ARSA and other defendants seeking, *inter alia,* a declaration that plaintiff is not required to bargain, arbitrate or otherwise treat ARSA as the representative of any of plaintiff's employees and an order enjoining ARSA from further prosecuting its demand for arbitration of the parties' disputes alleged herein.[2]

On August 21, 1972 this Court held that it was without jurisdiction to entertain the instant complaint involving a representation dispute under the R.L.A.[3] See Burlington Northern, Inc. v. American Railway Supervisors Association, 350 F.Supp. 897 (N.D.Ill.1972).

The only part of the instant action which remains is the defendant ARSA's counter-claim against the plaintiff Burlington Northern. The defendant and counter-plaintiff ARSA, in the counter-claim, seeks an order compelling Burlington Northern to submit the parties' disputes to arbitration under the Burlington Northern merger protection agreement and an award of damages for Burlington Northern's alleged refusal to arbitrate.[4]

---

the effective date of the merger, the component lines discontinued the transportation of freight and/or passengers by rail, ceased to exist as carriers, and ceased (except for SP&S) to exist as corporate entities. Upon the effective date of the merger, the employees of the component lines became employees of plaintiff Burlington Northern and were then intermingled and the railroad operations of the component lines were merged and integrated.

2. More specifically, the plaintiff Burlington Northern sought the judgment of this Court:
 "1. Declaring:
 a. That plaintiff is not required to bargain or otherwise treat ARSA as the representative of any of plaintiff's employees;
 b. That plaintiff is entitled to change the rates of pay, rules and working conditions of technicians and mechanical supervisors without bargaining with ARSA;
 c. That plaintiff is not required to arbitrate, and ARSA is not entitled to demand arbitration of, the disputes alleged herein; and
 d. That defendant National Mediation Board and the defendant members thereof cannot lawfully establish an arbitration board or appoint a neutral member to arbitrate the disputes between plaintiff and defendant ARSA alleged herein;
 2. Enjoining ARSA from further prosecuting its demand for arbitration of the parties' disputes alleged herein;
 3. Enjoining defendant National Mediation Board and defendants George S. Ives, David H. Stowe and Peter C. Benedict from establishing an arbitration board or appointing a neutral member to arbitrate the disputes between plaintiff and defendant ARSA; and
 4. Grant plaintiff such other and further relief as may be appropriate" (see Paragraph 17 of the complaint).

3. More specifically, this Court stated:
 "The Court notes that in order to grant the relief sought by the Burlington Northern, this Court would have to make the following determinations:
 1. It would have to determine which of the plaintiff's employees were within the crafts or classes of mechanical supervisors and technicians employed by the Burlington Northern;
 2. It would have to find that ARSA did not represent a majority of the employees within the crafts or classes designated by this Court; and
 3. It would have to hold that the merger automatically resulted in a decertification of ARSA as the bargaining agent for the employees that ARSA previously represented.
 These three determinations are determinations that can only be made by the N.M.B. [National Mediation Board] . . ." 350 F.Supp. at 904.

4. More specifically the counter-plaintiffs seek a judgment from this Court:
 "1. Declaring:
 a. That counter-defendant is required to submit the dispute it has with the counter-plaintiff concerning the interpretation and application of the employees merger protection agreement (Defendant's Exhibit 1) and specificially the dispute arising out of the refusal of the counter-defendant to take over and assume the contracts, schedules and agreements between the counter-defend-

The plaintiff, counter-defendant Burlington Northern, in support of its motion to dismiss the counter-claim, contends:

1. On August 21, 1972 this Court ruled that the issues presented by the complaint in this case are within the exclusive jurisdiction of the National Mediation Board and therefore the Court lacks jurisdiction to determine those issues.

2. In its counter-claim, ARSA sought a contrary determination of the same issues. Thus, the counter-claim sought a judgment declaring that Burlington Northern is required to submit the parties' disputes to arbitration and sought an order requiring Burlington Northern to submit to such arbitration and to pay damages for failing to do so.

3. Accordingly, the Court's ruling that it lacks jurisdiction to determine the issues presented by the complaint is equally applicable to the only claim asserted in the counter-claim.

The defendant and counter-plaintiff ARSA, in support of its motion for summary judgment as to liability on the counter-claim, and in opposition to Burlington Northern's motion to dismiss contends that the Court has jurisdiction over the counter-claim and should adjudicate that Burlington Northern is liable to ARSA for damages.

It is the opinion of this Court that in accordance with this Court's prior ruling it does not have jurisdiction at the present time over the instant counter-claim because essential to the proper disposition of the counter-claim for damages is the resolution of the representation question presented by the instant complaint which can only be determined by the National Mediation Board (NMB). See Burlington Northern, Inc. v. American Railway Supervisors Association, *supra.* Obviously, ARSA cannot recover damages for Burlington Northern's failure to recognize it as the representative of any Burlington Northern employees if ARSA is not entitled to recognition.

More specifically, the threshold question presented by ARSA's counter-claim for damages is whether the Burlington Northern must recognize ARSA as the bargaining representative of the employees that ARSA claims to represent. This Court has previously held that it lacks jurisdiction to determine that very question. Only the NMB can properly determine and resolve this representation dispute. Burlington Northern, Inc. v. American Railway Supervisors Association, *supra.*

ant and the counter-plaintiff concerning rates of pay, rules governing working conditions, fringe benefits, rights and privileges pertaining thereto which were in effect at the time of the consummation of the merger and be bound by the terms and provisions thereof, subject to change in accordance with the provisions of the Railway Labor Act, as amended, to arbitration as provided for in Section 9 of the employees merger protection agreement (Defendant's Exhibit 1);

b. The National Mediation Board may establish an arbitration committee and appoint a neutral member thereof to arbitrate the dispute hereinabove described in sub-paragraph a, between counter-plaintiff and counter-defendant, in accordance with the provisions of the Employees Merger Protection Agreement (Defendant's Exhibit 1);

2. Enjoining the counter-defendant from further refusing to submit the dispute above described in paragraph 1a to arbitration as provided for in Section 9 of the Employees Merger Protection Agreement (Defendant's Exhibit 1);

3. Entering a judgment against the counter-defendant for damages to the counter-plaintiff and the employees of the counter-defendant represented by the counter-plaintiff in an amount of One Million Dollars ($1,000,000);

4. Awarding reasonable attorney's fees for the counter-plaintiff's attorneys and costs; and

5. Granting counter-plaintiff such other and further relief as may be appropriate" (Paragraph 16 of the counter-claim).

Since the Court lacks jurisdiction to decide that ARSA does not represent the employees, it also lacks jurisdiction to decide that ARSA does represent the employees. Before claiming damages for non-recognition ARSA should obtain a determination by the NMB of the threshold question upon which damages are predicated, namely its right to recognition as a representative of Burlington Northern's employees. Thus the counter-claim should be dismissed.

Accordingly, it is hereby ordered that the plaintiff-counter-defendant's motion to dismiss the counter-claim is granted.